UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU, aka DIALLO E. UHURU, CDCR #P-73824,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>Defendants. | Case No.: 3:17-cv-0960-GPC-BGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

KOHEN DIALLO UHURU ("Plaintiff"), also known as Diallo E. Uhuru, currently incarcerated at the California Men's Colony ("CMC") located in San Luis Obispo, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (ECF No. 1).

1

While Plaintiff was housed at CMC at the time he filed this action, the named Defendants are prison officials at the Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at 1-2.) Plaintiff's Complaint contains very few factual allegations. He alleges that "prison officials knew about the Plaintiff's serious medical/mental health needs" and "willfully failed to respond to it." (*Id.* at 5.) In addition, he alleges Defendants denied him the "right to practice my Nubian Hebrew Israelite religion." (*Id.*) There are no other allegations in his Complaint, instead he directs the Court to "see attachments and exhibits." (*Id.*) All the exhibits appear to relate to his religious claims and he does not attach any exhibits relating to medical or mental health issues. (*Id.* at 1-1, 1-15; 2-1, 1-7; 3-1, 1-8). Plaintiff seeks "monetary and punitive compensation for damages inclusive with declarative and injunctive relief." (*Id.* at 6.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.  Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to altogether preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. Aug. 12, 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.  Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).   While Plaintiff names RJD prison officials as Defendants, and thus the Court presumes that his allegations arise from the time he was housed there, Plaintiff was housed at CMC at the time he filed this action.  (*See* Compl. at 1.)

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Kohen Diallo Uhuru, also known as Diallo E. Uhuru, and identified as CDCR Inmate #P-73824, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

They are:

    1) *Diallo v. Yarborough, et al.*, Civil Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim pursuant (ECF No. 28 at 11) ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); (C.D. Cal. April 16, 2004) (Order Accepting R&R Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice) (ECF No. 34 at 1-2) (strike one);

    2) *Diallo v. Moskowitz, et al.*, Civil Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint (ECF No. 48); (C.D. Cal. July 6, 2009) (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.") (ECF No. 50 at 1-2) (strike two); and

    3) *Diallo v. Greenman, et al.*, Civil Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) (ECF No. 44 at 8, 25 ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); (C.D. Cal. Oct. 27, 2009) (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.") (ECF No. 47) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while

enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III.    Screening of Complaint pursuant to § 1915A**

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and his case requires dismissal for that reason alone, the Court also elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted against any of the named Defendants. *See id.*; 28 U.S.C. § 1915A(b)(1). In order to state a claim against an official in his personal capacity, Plaintiff must allege facts which demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Simmons v. Navaho Cnty*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but instead, must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory

of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal,* 556 U.S. at 676-77. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 ... 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff offers no specific factual allegations as to any of the Defendants. Instead, he informs the Court to "see attachments" which also fail to identify any specific factual allegation as to any of the named Defendants. These types of "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]," "stop[] short of the line between possibility and plausibility," and fail[] to "show" Plaintiff is "entitled to relief." *Iqbal*, 556 U.S. at 678-79.

## IV. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: May 25, 2017

Hon. Gonzalo P. Curiel
United States District Judge